# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this ___ day of February, 2022, between Elian Cruz Morel, Jeisson Pena, Josue Pena, Francisco Pena, Javier Molina, Diego Gonzalez, Edgardo Cruz Fernandez Guevara, Alexis Francisco Flores Tavarez, Ronardo Baez, Barry Balbuena, Jorge Luis Diaz Tapia, Juan Dolores, Ramon Guzman Pena, Devyi Pena Pena, Eury Rafael DeJesus Campos, Edward Rivas Rabatt, Jose Antonio Gutierrez Ramirez, Celestino de la Paz, and Jorge Flores ("Plaintiffs") and Green Castle A Mgmt Corp., S C S Consultant Corp., and James Carey ("Defendants"). (Collectively, Plaintiffs and Defendants are referred to as the "Parties.")

**WHEREAS** Plaintiffs allege that they were employed by Defendants as construction workers at varying times between 2014 and January 2019; and

**WHEREAS** Plaintiffs Elian Cruz Morel, Jeisson Pena, Josue Pena, Francisco Pena, Javier Molina, and Diego Gonzalez, through their counsel, Samuel & Stein, filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 19-cv-11307 (the "Action") alleging, *inter alia*, violations by defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*;

**WHEREAS** at varying times in 2019 and 2020, Edgardo Cruz Fernandez Guevara, Alexis Francisco Flores Tavarez, Ronardo Baez, Barry Balbuena, Jorge Luis Diaz Tapia, Juan Dolores, Ramon Guzman Pena, Devyi Pena Pena, Eury Rafael DeJesus Campos, Edward Rivas Rabatt, Jose Antonio Gutierrez Ramirez, Celestino de la Paz, and Jorge Flores, by and through counsel, filed opt-in consent forms with the Court, requesting to be added as Plaintiffs in the Action;

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiffs in their Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiffs;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties reached a binding settlement as the result of settlement conferences before Magistrate Judge Stewart D. Aaron on March 11, 2021, and December 20, 2021, and the Parties desire to memorialize this settlement in a writing and resolve and settle the Action in an amicable manner without the expense of further litigation; and

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

   a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $216,000 (the "Settlement Sum"), in installments as set forth in paragraphs 1(b) – 1(g) below.

   b. The amounts payable to Plaintiffs and to Plaintiffs' Counsel shall be as set forth in the Rider attached to this Settlement Agreement, which is incorporated by reference into this Settlement Agreement.

   c. Payments shall be issued to "Samuel & Stein, as Attorneys for Plaintiffs." Plaintiffs' counsel shall be responsible for disbursing this money according to the terms of this Agreement, upon receipt of the Settlement Sum from Defendants.

   d. Payments due under this Agreement shall be made in thirteen (13) installments. The first installment, in the amount of $100,000, shall be made so that it is **received** by February 28, 2022. The next eleven (11) installments shall each be in the amount of $9,666.67 and shall be made so that they are **received** by the first day of each subsequent month, beginning on April 1, 2022. The final installment shall be in the amount of $9,666.63, and shall be made so that it is **received** by March 1, 2023.

   e. The payments specified above shall be delivered to Samuel & Stein at the address specified in Paragraph 15, or they shall be wired to the Samuel & Stein attorney trust account.

   f. All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), wire transfer, or attorney trust account check. If any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiffs and/or Plaintiffs' counsel for any bank fees incurred as a result of the returned check(s).

   g. Except as provided otherwise herein, each Party shall bear that Party's own costs and fees.

2. **Release; Mutual.**

   a. In consideration for the payments and benefits provided for in Paragraph 1 of this Agreement, Plaintiffs and their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every

kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' failure to pay any wages owed to plaintiffs; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b.  This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Agreement; (b) Plaintiffs' right to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement

c.  Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiffs from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiffs' relationship with any of the Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiffs committed or omitted prior to the date of this Agreement and Release.

d.  The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3.  **<u>Stipulation of Dismissal</u>**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement. The terms of the Agreement will become effective on the date the Court provides notice to the Parties

(via ECF notification or other means) of the Court's approval. The Parties agree that the Court will not enter the Order until the first installment is delivered pursuant to Paragraph 1(d). Once the first installment has been made, the Parties agree that the Court shall enter the Order.

4. **<u>Non-Admission</u>**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiffs of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

5. **<u>Successors and Assigns</u>**

Upon the merger or consolidation of any of the corporate Defendants into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of any of the corporate Defendants, this Agreement and Release shall bind and inure to the benefit of both the corporate Defendant and the acquiring, succeeding, or surviving entities, as the case may be.

6. **<u>Applicable Law; Forum Selection</u>**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over Bronx County.

7. **<u>Execution in Counterparts; Facsimile signatures; Force and effect</u>**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement; Neutral Reference**

   a. Plaintiffs agree not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites), and Plaintiffs may make truthful statements about their experience litigating this case.

   b. Defendants agree not to make any false statement about Plaintiffs that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

   c. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for any Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement; Security**

   a. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 15, and the breaching Party shall have five (5) business days from receipt of the written notice to cure the aforementioned breach (the "cure period"). Should Defendants cure a breach involving failure to pay any installment within the cure period, Plaintiffs shall be entitled to a payment of an administrative fee of $100.00 (One Hundred Dollars) (the "Administrative Fee") for each cured payment, which shall be due and payable along with the cured installment payment. In the event a material breach of this Agreement with respect to the first installment still exists after the cure period has expired, Plaintiffs shall have the right to void this Agreement and continue with this litigation. In the event a material breach of this Agreement with respect to any other provision of this Agreement still exists after the cure period has expired, the non-breaching Party shall be entitled to reasonable costs, attorney's fees, and disbursements required in order to enforce this Agreement, in addition to any other relief a court deems just and proper.

   b. Failure to make scheduled installment payments within the cure period shall constitute a material breach and shall cause all remaining compensation owed by Defendants to Plaintiffs and Plaintiffs' Counsel under this Agreement to become immediately due and payable, and shall entitle Plaintiffs to apply for a default judgment before the United States District

Court for the Southern District of New York – or any other court of competent jurisdiction – against any and all Defendants without further notice for $275,000, less payments made, along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, to be secured by a confession of judgment as specified in Paragraph 9(c).

c.  Defendants agree to execute an affidavit of judgment by confession in conformance with C.P.L.R. § 3218(a), a copy of which is attached as Exhibit B. The affidavit shall be held by Plaintiffs' counsel in escrow and will only be released back to Defendants either if the case is restored to the active court docket because the first installment has not been paid, or upon written confirmation that the entire Settlement Sum has been paid. Plaintiffs are authorized to file the confession of judgment should Defendants be in material breach of this Agreement. Plaintiffs agree that once all payments set forth in Paragraph 1 of this Agreement have been tendered, Plaintiffs will destroy the executed affidavit of judgment by confessions and all copies thereof and provide immediate written notice of same to Defendants.

d.  Except for purposes of obtaining funding for the settlement payments in this case, Defendant James Carey shall not, without the consent of Plaintiffs, sell, gift, transfer, further encumber or otherwise convey or cause to be conveyed in any fashion the property located at 600 Ellsworth Avenue, Bronx, NY 10465 (the "Property") before the full amount of the Settlement Sum due under this Agreement have been paid to Plaintiffs. Plaintiffs will not unreasonably refuse consent to Defendant Carey's efforts, if any, to refinance the mortgage(s) on the Property. As soon as Defendants have fully satisfied their payment obligations pursuant to this Agreement, this provision shall immediately become null and void and shall cease to have any force or effect whatsoever.

e.  Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

10. **No Retaliation**

Consistent with their legal obligations, Defendants will not retaliate against Plaintiffs for participating in the Action and/or settlement.

11. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be

binding or shall modify this Agreement unless signed by Plaintiffs and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

12. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

13. **Interpretation**

    a. <u>Construal.</u> Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    b. <u>Severability.</u> In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

    c. <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

    d. <u>Recitals</u>. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

14. **Representations and Warranties**

    a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement in a language of his/her choosing and all of its terms and conditions and agrees to each and every term and condition herein.

c. Plaintiffs represent that, other than the Action, Plaintiffs have not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

## 15. <u>Notices</u>

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing by the relevant party or parties:

<u>Plaintiffs</u>:                                   <u>Defendants</u>:
David Stein, Esq.                          William A. Gogel, Esq.
Stein & Nieporent LLP                 Agulnick & Gogel, LLC
1441 Broadway, Suite 6090          150 Main Street
New York, NY 10018                    Port Washington, NY 11050
dstein@steinllp.com                     gogel@lawag.com

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

## 16.    Signatures

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**


_____          _____
**Elian Cruz Morel**                      **Jeisson Pena**
**Date:**_____                  **Date:**_____



_____          _____
**Josue Pena**                            **Francisco Pena**
**Date:**_____                  **Date:**_____



_____          _____
**Javier Molina**                         **Diego Gonzalez**
**Date:**_____                  **Date:**_____

**Green Castle A Mgmt Corp.**        **S C S Consultant Corp.**



_____          _____
**By:**                                     **By:**
**Date:**_____                  **Date:**_____



_____
**James Carey**
**Date:**_____

## 16.    <u>Signatures</u>

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Elian Cruz Morel**
**Date:**_____

_____
**Jeisson Pena**
**Date:**_____

_____
**Josue Pena**
**Date:**_____

_____
**Francisco Pena**
**Date:**_____

_____
**Javier Molina**
**Date:**_____

_____
**Diego Gonzalez**
**Date:**_____

**Green Castle A Mgmt Corp.**

**S C S Consultant Corp.**

_____
**By:**
**Date:**_____

_____
**By:**
**Date:**_____

_____
**James Carey**
**Date:**_____

9

## 16.    Signatures

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS
AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF
THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE
CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____
**Elian Cruz Morel**
Date:_____

_____
**Jeisson Pena**
Date:_____

_____
**Josue Pena**
Date:_____

_____
**Francisco Pena**
Date:_____

_____
**Javier Molina**
Date:**03/01/22**

_____
**Diego Gonzalez**
Date:_____

**Green Castle A Mgmt Corp.**

**S C S Consultant Corp.**

_____
By:
Date:_____

_____
By:
Date:_____

_____
**James Carey**
Date:_____

9

**16.      Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Elian Cruz Morel**
**Date:_____**

_____
**Jeisson Pena**
**Date:_____**

_____
**Josue Pena**
**Date:_____**

_____
**Francisco Pena**
**Date:_____**

_____
**Javier Molina**
**Date:_____**

_____
**Diego Gonzalez**
**Date:_____**

**Green Castle A Mgmt Corp.**

**S C S Consultant Corp.**

_____
**By:**
**Date:_____**

_____
**By:**
**Date:_____**

_____
**James Carey**
**Date:_____**

## 16.    <u>Signatures</u>

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____

**Elian Cruz Morel**
**Date:**_____

**Leisson Peña**
**Date:**_____

_____

**Josue Pena**
**Date:**_____

_____

**Francisco Pena**
**Date:**_____

_____

**Javier Molina**
**Date:**_____

**Green Castle A Mgmt Corp.**

_____

**Diego Gonzalez**
**Date:**_____

**S C S Consultant Corp.**

_____

**By:**
**Date:**_____

_____

**By:**
**Date:**_____

_____

**James Carey**
**Date:**_____

9

## 16.    Signatures

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Elian Cruz Morel**
Date:_____

_____
**Jeisson Pena**
Date:_____

_____
**Josue Pena**
Date:_____

_____
**Francisco Pena**
Date:_____

_____
**Javier Molina**
Date:_____

_____
**Diego Gonzalez**
Date:_____

**Green Castle A Mgmt Corp.**

**S C S Consultant Corp.**

_____
**By:**
Date:_____

_____
**By:**
Date:_____

_____
**James Carey**
Date:_____

**16.**    <u>**Signatures**</u>

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Elian Cruz Morel**
**Date:_____**

_____
**Jeisson Pena**
**Date:_____**

_____
**Josue Pena**
**Date:_____**

_____
**Francisco Pena**
**Date:_____**

_____
**Javier Molina**
**Date:_____**

_____
**Diego Gonzalez**
**Date:_____**

**Green Castle A Mgmt Corp.**

**S C S Consultant Corp.**

By: James S Carey
Date: 2/28/22

By: James Carey
Date: 2/28/22

James Carey
Date: 2/28/22

9

### RIDER TO SETTLEMENT AGREEMENT

Compensation to plaintiffs and plaintiffs' counsel shall be broken down as follows:

| Payee | Total | First Installment | 11 Equal Monthly Installments | Final Monthly Installment |
|---|---|---|---|---|
| Cruz Morel, Elian | $2,081.29 | $963.56 | $93.14 | $93.14 |
| Pena, Jeisson | $17,875.36 | $8,275.63 | $799.98 | $799.97 |
| Pena, Josue | $8,783.71 | $4,066.53 | $393.10 | $393.10 |
| Pena, Francisco | $18,954.28 | $8,775.13 | $848.26 | $848.26 |
| Molina, Javier | $12,330.39 | $5,708.51 | $551.82 | $551.82 |
| Gonzalez, Diego | $6,776.75 | $3,137.39 | $303.28 | $303.28 |
| Fernandez Guevara, Edgardo Cruz | $3,836.32 | $1,776.08 | $171.69 | $171.69 |
| Flores Tavarez, Alexis Francisco | $4,254.23 | $1,969.55 | $190.39 | $190.39 |
| Baez, Ronardo | $2,805.60 | $1,298.89 | $125.56 | $125.56 |
| Balbuena, Barry | $2,133.82 | $987.88 | $95.50 | $95.49 |
| Diaz Tapia, Jorge Luis | $2,453.50 | $1,135.88 | $109.80 | $109.80 |
| Delores, Juan | $21,089.50 | $9,763.66 | $943.82 | $943.82 |
| Guzman Pena, Ramon | $2,981.65 | $1,380.39 | $133.44 | $133.44 |
| Pena, Devyi | $10,602.04 | $4,908.35 | $474.47 | $474.47 |
| DeJesus Campos, Eury Rafael | $5,270.28 | $2,439.94 | $235.86 | $235.86 |
| Rabatt, Edward Rivas | $1,067.47 | $494.20 | $47.77 | $47.77 |
| Gutierrez Ramirez, Jose Antonio | $4,933.27 | $2,283.92 | $220.78 | $220.78 |
| de la Paz, Celestino | $1,799.33 | $833.02 | $80.53 | $80.53 |
| Flores, Jorge | $13,016.42 | $6,026.12 | $582.53 | $582.52 |
| | | | | |
| Samuel & Stein | $72,954.79 | $33,775.37 | $3,264.95 | $3,264.94 |

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elian Cruz Morel, Jeisson Pena, Josue Pena, Francisco Pena, Javier Molina, and Diego Gonzalez, on behalf of themselves and all other persons similarly situated,<br><br>        Plaintiffs,<br><br>        - vs. –<br><br>Green Castle A Mgmt Corp., S C S Consultant Corp., James Carey, and John Does #1-10,<br><br>        Defendants. | DOCKET NO. 19-cv- 11307 (SDA) |

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs Elian Cruz Morel, Jeisson Pena, Josue Pena, Francisco Pena, Javier Molina, Diego Gonzalez, Edgardo Cruz Fernandez Guevara, Alexis Francisco Flores Tavarez, Ronardo Baez, Barry Balbuena, Jorge Luis Diaz Tapia, Juan Dolores, Ramon Guzman Pena, Devyi Pena Pena, Eury Rafael DeJesus Campos, Edward Rivas Rabatt, Jose Antonio Gutierrez Ramirez, Celestino de la Paz, and Jorge Flores ("Plaintiffs"), and Defendants Green Castle A Mgmt Corp., S C S Consultant Corp., and James Carey ("Defendants"), that all of Plaintiffs' claims in the Complaint in the above-captioned action are dismissed, <u>with prejudice</u>, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, <u>only after defendants have made their initial settlement payment in the amount of $100,000</u>. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/its own costs and attorneys' fees.

Dated: February 28 2022

**SAMUEL & STEIN**

By: _David Stein_
    David Stein

1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
Attorneys for Plaintiffs

**AGULNICK & GOGEL, LLC**

By: _William A. Gogel_
    William A. Gogel

150 Main Street
Port Washington, NY 11050
(516) 466-6300
Attorneys for Defendants

SO ORDERED:

_____
Hon. Stewart D. Aaron, U.S.M.J.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Elian Cruz Morel, Jeisson Pena, Josue Pena, Francisco Pena, Javier Molina, and Diego Gonzalez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 19-cv- 11307 (SDA) |
| Plaintiffs, | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| - vs. – | |
| Green Castle A Mgmt Corp., S C S Consultant Corp., James Carey, and John Does #1-10, | |
| Defendants. | |

State of New York    )
                                  ) ss:
County of Bronx      )

James Carey, personally and as an officer of Defendants Green Castle A Mgmt Corp. and S C S Consultant Corp., being duly sworn, deposes and states as follows:

1.    I represent that I am an officer and shareholder of Defendants Green Castle A Mgmt Corp. and S C S Consultant Corp., and that I have full authority to sign on behalf of Green Castle A Mgmt Corp. and S C S Consultant Corp. and to legally bind them. I sign this Affidavit of Confession of Judgment both in my individual and corporate capacities, and we are referred to herein as Defendants.

2.    Green Castle A Mgmt Corp., S C S Consultant Corp., and I have actual principal places of business located at 600 Ellsworth Avenue, Bronx, NY, and  3159 Bruckner Blvd., Suite 141, Bronx, NY.

3.    This Confession of Judgment is for a debt justly due and owing to Plaintiffs and/or their attorneys for the settlement of the matter in the United States District Court, Southern District of New York (Docket No.: 19-CV-11307), entitled *Elian Cruz Morel, et al. v. Green Castle A Mgmt Corp., et al.*

4.    Defendants jointly and severally hereby confess judgment in favor of Plaintiffs and/or their attorneys and authorize entry thereof in the amount of $275,000 plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, less any monies paid by Defendants pursuant to the Settlement Agreement attached hereto as Exhibit A.

5.     Plaintiffs and/or their attorneys shall have the right to enter judgment against the undersigned, jointly and severally, if we are in default pursuant to the Settlement Agreement.

6.     This confession of judgment may be filed in the United States District Court for the Southern District of New York or the courts of the state of New York having jurisdiction over Bronx County, New York.

7.     This Affidavit may be executed using facsimile signatures with the same effect as if the signatures were original. A copy of my signature on this Affidavit shall be acceptable in any action against me or against Green Castle A Mgmt Corp. and S C S Consultant Corp. to enter a judgment based on this Affidavit of Confession of Judgment.


_____          _____
Green Castle A Mgmt Corp.                 S C S Consultant Corp.
By: James Carey                           By: James Carey

Sworn to before me this                   Sworn to before me this
28 th day of February, 2022               28 th day of February, 2022


_____
James Carey, an individual

Sworn to before me this
28th day of February, 2022