UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Elian Cruz Morel et al.,

                              Plaintiffs,

-against-

Green Castle A Mgmt Corp. et al.,

                              Defendants.

1:19-cv-11307 (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

       This case contains claims under the Fair Labor Standards Act. The parties appeared before the undersigned for a settlement conference December 20, 2021 and reached a settlement in principle. On January 3, 2022, an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 68.) On January 4, 2022, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorneys' fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 1/4/2022 Order, ECF No. 69.)

       On March 4, 2022, the parties submitted their proposed settlement agreement and related papers. (3/4/2022 Consent Letter, ECF No. 72.) On March 8, 2022, the Court ordered Plaintiffs to file additional documentation to show that the Opt-in Plaintiffs consented to the settlement. (3/8/2022 Order, ECF No. 73.) On March 28, 2022, the parties submitted a settlement agreement with additional signatures and related papers. (3/28/2022 Letter, ECF No. 76.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the

nature and scope of Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

In addition, Plaintiffs seek approval of $72,954.79 in attorneys' fees and costs, which is one-third of the net settlement amount. (*See* 3/4/2022 Consent Letter at 4-5; *see also* Rider, ECF No. 72-1 at 17 (compensation chart); ECF No. 72-2 (showing lodestar of $ 31,880).) Courts in this Circuit typically approve attorneys' fees in the amount of one-third of the total recovery. *See, e.g., Ramos v. DNC Food Serv. Corp.*, No. 19-CV-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) (citing cases). "Additionally, courts regularly award lodestar multipliers from two to six times lodestar." *Id.* (internal alterations and quotations omitted). In line with that precedent, the Court finds that the requested attorneys' fees are fair and reasonable. In reaching this conclusion, the Court makes no findings with respect to the reasonableness of counsels' hourly rates.

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

DATED:   New York, New York
         March 29, 2022

_____
STEWART D. AARON
United States Magistrate Judge

2